

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*J. Michael Diaz*
*Assistant United States Attorney*
*Direct Line: (206) 553-4358*

700 Stewart Street, Suite 5220   Tel: (206) 553-7970
Seattle WA, 98101-1271            Fax: (206) 553-4067
www.usdoj.gov/usao/waw

February 11, 2015

Molly C. Dwyer, Clerk
United States Court of Appeals
for the Ninth Circuit
95 7th Street
San Francisco, CA. 94103

      Re:    *Panagacos, et al., v. Towery et al.*, 9th Cir. No. 14-35598

Dear Ms. Dwyer:

Appellants have recently filed a "Renewed Motion to Unseal Confidential Army Documents" in this Court in the above-captioned case. *See* 9th Cir. Dkt. No. 22-1 (Appellants' Motion). Although neither the United States nor the United States Army is a party to the appeal, we are filing this letter to provide the Court with the views of the United States on Appellants' Motion, because the documents in question were produced by the Army.

Appellants originally brought this motion on August 26, 2014. In an order dated November 6, 2014, the Court denied the motion without prejudice to allow Appellants to first seek relief in the District Court. *See* 9th Cir. Dkt. No. 21. Appellants then moved the District Court to unseal the documents in question and, in an order dated December 30, 2014, the district court denied the motion as untimely and without merit. *See* Dist. Ct. Dkt. No. 425. The Court explained that "Plaintiffs did not object to the classification of documents pursuant to the Protective Order [entered November 26, 2013] at any time prior to the Order granting summary judgment and subsequent appeal. This matter is now before the Court of Appeals. The parties and the Appellate Court have access to the sealed documents to argue and to evaluate the merits of the case." *Id.* at 2.

The district court's decision was correct. Appellants' motion is untimely, and they have failed to show that the protective order will interfere with their appeal. Moreover, the United States further agrees with and would join Appellee Rudd's opposition to the Appellants' Motion to the extent that their arguments do not conflict with the United States' position herein. *See* 9th Cir. Dkt. Nos. 24-1.

The Army's primary interest has always been the protection of the personal identifiable information (PII) contained in its documents. Personal Information in the Army's records is

protected by the Privacy Act of 1974, 5 U.S.C. 552a. Department of Defense (DoD) Regulation 5400.11-R-DoD Privacy Program, defines Personal Information as "information about an individual that identifies, links, relates, or is unique to, or describes him or her, e.g., a social security number; age; military rank; civilian grade; marital status; race; salary; home/office phone numbers; other demographic, biometric, personnel, medical, and financial information, etc. Such information is also known as personally identifiable information (i.e., information which can be used to distinguish or trace an individual's identity, such as their name, social security number, date and place of birth, mother's maiden name, biometric records, including any other personal information which is linked or linkable to a specified individual)." *See* 32 CFR 310.4(n). Under the Privacy Act and the DoD Regulation, the Federal Government and DoD employees have an affirmative responsibility to protect an individual's privacy when collecting, maintaining, using or disseminating personal information. *See* 32 CFR 310.5(a)(3).

During the discovery process in the District Court, the Army provided Appellants with copies of numerous documents in which PII was left unredacted because such documents were subject to the above-mentioned Protective Order. Through the course of depositions and the submission of summary judgment motions and responses thereto, a subset of those documents were entered into the District Court record under seal. Following Appellants' Notice of Appeal, the Army informed Appellants that it did not object to the seal being removed from this subset of documents provided that PII was redacted. (This does not intend to prejudice any interests Appellees have in the documents and the seal.) Furthermore, the Army provided a redacted copy of this subset of documents to Appellants.

It is worth also noting that the Army has not provided Appellants redacted copies of the documents that the Army provided to Appellants during discovery but that were never made part of the district court record, because those documents are not part of the district court record and are accordingly not part of the record before this Court on appeal. To the extent that Appellants are asking this Court to unseal those documents, their Motion should be denied because those documents are not part of the record and accordingly not properly before this Court.

In sum, the United States' interest and concern in this matter is the protection of PII. For the reasons in the district court's order, the United States believes that Appellants' Motion is untimely and that the seal does not need to be removed from the documents in question in order to adjudicate the case. However, if the seal is lifted, the United States requests that PII be protected through redaction as provided by the Army.

                                          Yours truly,

                                          ANNETTE L. HAYES
                                          Acting United States Attorney

                                          */s/ J. Michael Diaz*

                                          J. Michael Diaz
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2015, I electronically filed the foregoing Correspondence with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 13th day of February, 2015.

*s/Elisa G. Skinner*
ELISA G. SKINNER
Paralegal Specialist
