**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JULIANNE PANAGACOS, ET AL.,** | ) CASE NO. 14-35598 |
| | ) |
| | ) DIST. COURT # NO. **3:10-cv-5018** **RBL** |
| | ) **ON APPEAL FROM THE WD OF WA** |
| Plaintiffs, | ) **PLAINTIFFS-APPELLANTS' REBUTTAL TO** |
| | ) **LETTER FILED BY ARMY AS TO** |
| v. | ) **PLAINTIFFS'-APPELLANTS' RENEWED** |
| | ) **MOTION TO UNSEAL CONFIDENTIAL** |
| **JOHN J. TOWERY; THOMAS R. RUDD** | ) **ARMY DOCUMENTS AS DESIGNATED** |
| **CLINT COLVIN; CITY OF OLYMPIA,** | ) **PURSUANT TO WD LOCAL RULE 26(c(2)** |
| **TOR BJORNSTAD, et al.,** | ) |
| | ) **AND MOTION TO STRIKE** |
| Defendants. | ) |
| _____ | ) |

Now come Julianne Panagacos, *et al.*, Appellants, by and through counsel, and

rebut the allegations and unverified representations made in a letter dated February 11,

2015 and tendered to the Clerk of Courts by the United States Army (Dk. Entry 30).

The U.S. Army, a self-proclaimed nonparty has, by counsel, filed a mere letter by

which it gives the Court its opinion of Appellants' attempts to lift the confidentiality veil



Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN
OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

from documentary evidence in the trial court record. There are self-evident and self-serving reasons for the Army to wish to minimize the evidence that is maintained under seal which Appellants need not recount here.

What Appellants wish for the Court to understand is first, the irregularity of the Army's tactic. The Pentagon might have filed by counsel a motion to intervene in this appeal. That would at least have assured that their counsel respected Federal Civil Procedure Rule 11, and in particular the Rule 11(b)(1) and (2) representations to the Court that the statements being made are nonfrivolous and are not being made for an improper purpose.

However, by declining to come out of the shadows as a party, the Army's counsel is prevaricating in a way that might otherwise subject her to sanctions. She has implicitly affirmed that the Pentagon is the true manager and overseer of the defense here, albeit while trying to maintain the facade that it is not. It is difficult to understand how the Army can maintain its false dichotomy when its counsel makes statements such as this one at Dk. Entry 30 p. 1: "Moreover, the United States further agrees with and would join Appellee Rudd's opposition to the Appellants' Motion to the extent that their arguments do not conflict with the United States' position herein." How would the Army propose to "join" an actual party's opposition as a stubbornly insistent non-party? Such duplicity should be met with the Court's explicit repudiation of the Army's letter, *in toto*.

In addition to which, this letter completely fails to meet the specific pleading requirements of FRCP 10 which requires that all pleadings be in the proper form, with a



Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

caption listing all parties, proper paragraphs and the proper signature block warranted that the pleading is not frivolous, required under Rule 11. FRCP Rule 7(b)(2) which requires that all motions and responses filed conform to the pleading requirements of Rules 10 and 11.

The blithe way that Mr. Diaz who, as an experienced US Attorney is well aware of the placing requirements simply ignores them is indicative of the lack of respect the Army and its representative counsel have shown this litigation, Plaintiffs-Appellants, and this court. For this reason, as well as the many others cited herein, the letter should be struck.

As to the merits of the Army letter, Appellants reject the Pentagon's easy ratification of the righteousness of the district court's December 30, 2014 order denying Appellants' Motion to Unseal, *see* Dist. Ct. Dkt. No. 425, particularly the trial court's conclusion that "Plaintiffs did not object to the classification of documents pursuant to the Protective Order [entered November 26, 2013] at any time prior to the Order granting summary judgment and subsequent appeal."

The district judge overlooked the enormous litigation obstacles posed by the actual Defendants in collusion with the shadow Army Defendant when this case was in the lower court. There, the tactics freely invoked by the actual Defendants and the shadow Army co-Defendant included document dumps, dilations, and "trial-by-pile" deluge tactics throughout. There were over 300 formal docket filings in the lawsuit; the litigation volume is huge and unique.


Page 3

Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

In complex litigation involving two U.S. Army spies and verifiable allegations of their corrupt and illegal surveillance, Appellants were belatedly provided 9,440 pages of Army documents only seventy (70) days before the end of the discovery period, on December 23, 2013 on the eve of the Christmas Holidays, and 8 days before the end of the year that he letter claims Plaintiffs-Appellants should have responded during.

Those documents were in the form of mere computerized pictures. Discovery of the Army tranche was sabotaged. The documents were stripped of all digital characteristics which would facilitate searches and outlining. In 21st century litigation involving sophisticated parties such as the Pentagon, one may rightfully expect provision of electronic discovery of vast document troves to contain meta-data tagging, with term-search features embedded in the digitalized documents. But the Army knowingly removed those vital tools and provided Appellants something as close to old fashioned paper copies as could be imagined: unsearchable .pdf snapshot pictures of documents.

This tactic ensured that Appellants could not easily access nor comprehensively assess most of the evidence in time digest it during the taking of Defendants' depositions by the Appellants. Appellants consequently delay depositions as late in the discovery period as possible in order to have time to glean information from the Army documents for those depositions.

Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

This "trial-by-pile" method forced Appellants to prioritize to conduct the litigation, as opposed to taking on the satellite issue of putting the evidence into the public domain.

Courts eschew the approach of using a "document dump" to flood a requesting party with irrelevant material to cause that party unexpectedly to expend considerable resources to sort relevant from irrelevant responses, but that is precisely what happened here. *See Stooksbury v. Ross*, 3:09-CV-498 (E.D. Tenn. 2012) ("this Court has previously considered the document dump involved in this case and found it to be one of the circumstances illustrating defendants' willful failure to cooperate in discovery and with the Court's orders"). Moreover, 100% of the Army tranche was marked "confidential," by means of which the Army, not a Defendant, but obligated to defend Rudd and Towery, promoted circumvention of the *agreed language* of the protective order that:

"The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, *so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.*"

(Emphasis supplied). Stipulated Protective Order, Doc No. 215 at 5.

The language of the Protective Order is consistent with **by the Western District of Washington's Local Rule 26(c)(2):**

(2)



Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

Parties may file a proposed stipulated protective order to protect confidential, proprietary, or private information that warrants special protection. The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

WAWD LR 26(c)(2).

The courts have also consistently backed the position that the burden is on the Party seeking to designate and maintain documents as confidential/redacted to prove, document by document why they should be confidential and not accessible by the public.

"The court hearing a claim of confidentiality must require a document by document justification of confidentiality; that is the proper applicable standard." <u>In re Reporters Committee for Freedom of the Press</u>, 773 F.2d 1325 at 1339 (D.C. Cir. 1985).

It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, see, e.g., Browne v. Cumming, 10 B. & C. 70, 109 Eng.Rep. 377 (K.B.1829), American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, see, e.g., State ex rel. Colscott v. King, 154 Ind. 621, 621-27, 57 N.E. 535, 536-38 (1900); State ex rel. Ferry v. Williams, 41 N.J.L. 332, 336-39 (1879), and in a newspaper publisher's intention to publish information concerning the operation of government, see, e.g., State ex rel. Youmans v. Owens, 28 Wis.2d 672, 677, 137 N.W.2d 470, 472 (1965)

<u>In re: Reporters Committee for Freedom of the Press</u> 773f. 2d at 1341



<u>Panagacos v. Towery, et al.</u>, 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

In Reporters Committee, the DC Circuit made clear that the party seeking confidentiality was required to do the document by document review, analysis, and individual justification of confidentiality.

"The District Court had, as early as July 20, 1982, determined that its final ruling on confidentiality would turn on Mobil's ability to provide specific, document-by-document justification for the claim of confidentiality--which is precisely the substantive standard."

*Here, flying in the face of the law, the case, and the very protective order itself, all 9,440 pages of the December 21, 2013 handover were produced as sealed*. Thus any documents Appellants might have wanted to rely upon in motion practice required that they undertake considerable efforts to unseal them. That prospect made for an overwhelming workload for Appellants. Moreover, Defendant Rudd also marked many of the Army disclosures "confidential," all the while disclaiming any responsibility for the completely jumbled and disorganized nature of the disclosures.

Appellants relied on 100% donated, volunteer time to assess the 9,440 pages, to tag and categorize their contents, and to reconstruct the relevance and interconnectedness of this vast, unsorted, dump. The Army was formerly a party to this case and was aiming at preventing the numerous embarrassing and revelatory items about spying on civilians from becoming public.



Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

The sabotage of this crucial discovery material was the product of connivance in which the Army participated voluminously and enthusiastically.

There is, moreover, proof that the Pentagon's current solicitous concern for its spies' privacy is a posture: when Appellants finally had time at the outset of this appeal to meet-and-confer over placing the documents into the public domain, the Pentagon's position was that all personal identifying information had to be redacted. Such redactions would completely thwart Appellants' public exposure of the evidence of spying activities and perpetrators. Some identifications had previously been made in news accounts, but the collusion is widespread within the Army at Joint Base Lewis-McChord and even further within the Pentagon.

The upshot of the Army's opinionizing about the district court's order is not about "privacy," but instead, about political embarrassment. Political embarrassment is not a relevant consideration for the Court in deciding to declassify the tranche.
In the face of 4 lengthy and complicated motions for summary judgment which were filed immediately at the close of discovery,

Appellants' counsel and assisting volunteers were beset with the priority of trying to struggle through the entire 9,440 page tranche to deal with depositions and immediately thereafter, dispositive motions. For the Army to officiously pontificate inside the litigation (albeit disclaiming the role of litigant) and offer its endorsement of the District Court's decision is pure caitiff.

<u>Panagacos v. Towery, et al.</u>, 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

In sum, the Court should reject and refuse to consider the Army letter at all. If it does consider it, it should consider the facts and inferences proffered by the parties who have at all times submitted to the tests and assurances of Federal Rule 11 - the Appellants.

For all of the reasons stated above as well, Rudd has no basis for objecting to the unsealing of the documents discussed above, and this court should order the documents unsealed.

Respectfully submitted,

February 16, 2015    /S/ LAWRENCE A. HILDES
 LAWRENCE A. HILDES, WSBA #35035
Of Attorneys for Plaintiffs-Appellants
P. O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
E-mail: lhildes@earthlink.net

/S/ TERRY J. LODGE
Terry Lodge, (Ohio Bar #0029271)
Co-counsel for Plaintiffs
316 N. Michigan St., Ste. 520
Toledo, OH 43604,
Phone (419) 255-7552
Fax (419) 255-7552
tjlodge50@yahoo.com
Co-Counsel for Plaintiffs

Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs

## PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:

I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On February 16, 2015, I served the following documents(s) described as follows

PLAINTIFFS'-APPELLANTS' REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS'-APPELLAMTS' RENEWED MOTION FOR DECONFIDENTIALIZATION

on the following persons(s) in this action at the following addresses:

JOHN JUSTICE    JJUSTICE@lldkb.com ,

Michael D McKay mdm@mckay-chadwell.com,

Theodore J Angelis theo.angelis@klgates.com,

Mark N. Bartlett MarkBartlett@dwt.com, barbaramcadams@dwt.com, Cooper, Matt"

"Homan, Jean (Legal)" <JHOMAN@ci.tacoma.wa.us>

Attorneys for Defendants

[X] By electronic filing with this court such that a notice will be sent to all counsel

"Hart, Stephen R CIV USARMY USAG (US)" <stephen.r.hart6.civ@mail.mil>,

"Diaz,Michael (USAWAW)" <Michael.Diaz@usdoj.gov>,

[X] By electronic mail to the listed persons and addresses

[X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court, and that the above information is true and correct.

Executed on February 16, 2015

  /S/    Lawrence A. Hildes
Lawrence A. Hildes

Panagacos v. Towery, et al., 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs



<u>Panagacos v. Towery, et al.</u>, 14-35598 -PLAINTIFFS-APPELLANTS-REBUTTAL TO THE ARMY'S LETTER IN OPPOSITION TO PLAINTIFFS-APPELLANTS' RENEWED MOTION TO COMPEL DECONFIDENTIALIZATION
LAWRENCE A. HILDES
P.O. BOX 5405
Bellingham, WA 98227
(360) 715-9788
lhildes@earthlink.net
Of Attorneys for Plaintiffs