IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIANNE PANAGACOS, et al., | CASE NO. 14-35816 |
| Appellants/Plaintiffs, | APPELLEES' MOTION FOR |
| v. | RECONSIDERATION OF |
| | ORDER REINSTATING |
| JOHN J. TOWERY, et al., | APPEAL |
| Appellees/Defendants. | |

## I.    GROUNDS AND RELIEF SOUGHT

Appellees Thomas R. Rudd, John J. Towery, City of Tacoma, Gary

Smith, and Mark Fedderson respectfully ask this Court to reconsider its Order

Reinstating Appeal (Dkt. # 10).[1]  Throughout this case, counsel for

Appellants/Plaintiffs ("Appellants") has ignored court deadlines and procedures.

That pattern repeated itself on appeal, with Appellants' counsel failing to file a

brief in their appeal of the district court's award of costs ("Cost Appeal").  As a

---

[1] As used in this Motion, "Appellee" and "Mr. Rudd" refer collectively to all of
the Appellees who have joined in the motion, except where it is clear from the
context that "Mr. Rudd" refers solely to Thomas R. Rudd.

result of that failure, the Clerk dismissed the appeal under Ninth Circuit Rule 42-1 and General Order 2.3.

Appellants moved for reinstatement, but their motion did not point to a single error of fact or law the Clerk committed in dismissing the appeal. The Commissioner reinstated the appeal, but in doing so, he overlooked or misunderstood governing Ninth Circuit authority. That authority prohibits reinstatement of Appellants' Cost Appeal on the grounds they raised. Accordingly, under Ninth Circuit Rule 27-10, the Court should reinstate the Clerk's order dismissing the Cost Appeal.

## II.    FACTUAL BACKGROUND

### A.    Appellants' Counsel Has a History of Missing Deadlines.

Throughout this litigation—which had been pending for five years when this Court dismissed the Cost Appeal—Appellants, through their lead attorney Larry Hildes, missed numerous deadlines and failed to comply with court rules.[2] For example, in November 2010, counsel missed the deadline for responding to the United States' motion to dismiss. *See* Order 3*, Panagacos v. Towery*, W.D. Wash. Case No. 3:10-cv-05018-RBL, Jan. 27, 2011, Dkt. # 87 (hereinafter

---

[2] In addition, Mr. Hildes was frequently unavailable, and in fact filed Notices of Unavailability asserting that he was unavailable approximately 25% of the time. *See Panagacos v. Towery*, W.D. Wash. Case No. 3:10-cv-05018-RBL, Dkt. # 23, 44, 92, 128, 158, 177, 179, 208; Notice of Unavailability, *Panagacos v. Towery*, 9th Cir. Case No. 11-35527, July 23, 2012, Dkt. # 45.

"W.D. Wash. Dkt."). Similarly, on August 26, 2013, seven days *after* his response to a motion for a protective order was due, Mr. Hildes sought more time to respond to that motion. W.D. Wash. Dkt. # 197. Both times the district court permitted Mr. Hildes to file his response late. W.D. Wash. Dkt. # 87, 198.

In addition to these missed deadlines, Mr. Hildes sought extensions of time so frequently that Judge Leighton eventually expressed that he was "reluctant to continually enable Plaintiffs' counsel's apparent inability to comply with the Court's schedule—even when that schedule is modified at the Plaintiffs' request." W.D. Wash. Dkt. # 227, at 1 (Attachment 1). Thus, Judge Leighton warned that "Plaintiffs have now exhausted their contingencies, and future efforts to modify this schedule, or to avoid the consequences of the failure to follow the basic civil rules, will not be successful in any but the most extreme circumstances." *Id.* at 2. But this did not stop Mr. Hildes from seeking additional extensions. W.D. Wash. Dkt. # 257, 301, 317.

Mr. Hildes's inability to comply with deadlines has not been limited to this case. In fact, Mr. Hildes sought an extension from Chief Judge Pechman in the spring of 2014, while this case was still pending before Judge Leighton. *See Moba v. Total Transp. Servs., Inc.*, No. C13-138 MJP, Dkt. # 42 (W.D. Wash. Mar. 23, 2014). Judge Pechman denied the request, listing cases in which Mr. Hildes had exhibited the same pattern of seeking numerous extensions, and

describing his behavior as "excessive[]." *Moba*, No. C13-138 MJP, Dkt. # 46, at 7 (W.D. Wash. Apr. 25, 2014) (Attachment 2). Ultimately, Judge Pechman dismissed that case, based in part on Mr. Hildes's representation that the case would not be ready for trial on the trial date. *Moba*, No. C13-138 MJP, 2014 WL 3050461, at *3, *5 (W.D. Wash. July 3, 2014) (Attachment 3).

## B. Appellants Filed Two Separate Appeals, and They Knew the Appeals Were Not Consolidated.

Before the Order Reinstating Appeal, two separate appeals arising from the district court litigation were pending in the Ninth Circuit: Case No. 14-35598 (the "Substantive Appeal") and Case No. 14-35816 (the "Cost Appeal"). Appellants initiated each appeal by filing a separate notice of appeal, W.D. Wash. Dkt. # 390, 413, and although the second notice of appeal asked that the two appeals be consolidated, W.D. Wash. Dkt. # 413, at 2, Appellants did not file a motion for consolidation. As a result, the Court assigned a separate case number and briefing schedule to each of the appeals. *Compare* Subst. App. Dkt. # 1-4 (providing an October 24, 2014 deadline for Appellants' opening brief),[3]

---

[3] As used herein, "Subst. App. Dkt." refers to the docket in the Substantive Appeal, *Panagacos v. Towery*, 9th Cir. Case No. 14-35598.

*with* Cost App. Dkt. # 1-4 (providing a January 7, 2015 deadline for Appellants' opening brief).[4]

Although this Court issued multiple orders in the Substantive Appeal extending its briefing deadlines, it never issued any such orders in the Cost Appeal.  *Compare* Subst. App. Dkt. # 18, 27, *with* Cost App. Dkt.  Nor did any of the Court's orders in the Substantive Appeal purport to consolidate the appeals or indicate that the Court was amending the briefing schedule in the Cost Appeal.  *See* Subst. App. Dkt. # 18, 27.  In fact, none of those orders even mentioned the Cost Appeal.  *See* Subst. App. Dkt. # 18, 27.

In addition to the Court's orders, Appellants' own filings acknowledged that the two appeals had not been consolidated.  For example, Appellants' October 2, 2014 motion for an extension of time to file their opening brief in the Substantive Appeal *explicitly acknowledged that the two appeals had not been consolidated*.  Subst. App. Dkt. # 16, at 2 ("If [Appellants' request for consolidation in their notice of appeal] is granted, the briefing schedule will be continued in any case.").  More than a month later, when they belatedly filed their mediation questionnaire in the Cost Appeal, they once again acknowledged the two appeals were separate. Cost App. Dkt. # 3 ("This appeal is as to the

---

[4] As used herein, "Cost App. Dkt." refers to the docket in the Cost Appeal, *Panagacos v. Towery*, 9th Cir. Case No. 14-35816.

award of costs and the amount of costs only. There is a related appeal as to the dismissal of the action. . . . Plaintiffs[-]Appellants are opening [sic] to settle the two cases as a package . . . .”). Their understanding was confirmed when the Court issued an order stating that “[t]he briefing schedule previously established by the court [in the Cost Appeal] remains in effect.” Cost App. Dkt. # 5.

## C. The Clerk Dismissed the Cost Appeal for Failure to File an Opening Brief and the Commissioner Reinstated It.

As of February 9, 2015, Appellants had not filed an opening brief in the Cost Appeal, and the Clerk dismissed the Cost Appeal under Ninth Circuit Rule 42-1 for failure to do so. Cost App. Dkt. # 7. Later that day, Appellants filed a motion for reconsideration of the dismissal. Cost App. Dkt. # 8. They did not attach a copy of their proposed brief to the motion or indicate how the deficiency that led to the dismissal had been or would be corrected. *See id.*

It appears that the Clerk was inclined to deny reinstatement of the Cost Appeal, and Appellants' motion was referred to an Appellate Commissioner.[5] On March 4, Commissioner Shaw issued a three-sentence order granting Appellants' motion and *sua sponte* consolidating the Cost and Substantive Appeals. Cost App. Dkt. # 10. The order did not provide any reasoning for the

---

[5] “A motion to reconsider an order issued . . . by a deputy clerk . . . is initially directed to the individual who issued the order. If that individual is disinclined to grant the requested relief . . . , the motion is referred to an appellate commissioner.” 9th Cir. R. 27-10(b).

Commissioner's ruling, nor did it address the authority Appellees cited that precludes reinstatement on the grounds Appellants articulated. *See id.*

## III.  <u>LEGAL ARGUMENT</u>

As the party seeking reconsideration, Mr. Rudd must "state with particularity the points of law or fact which, in [his] opinion[, Commissioner Shaw] overlooked or misunderstood." 9th Cir. R. 27-10(a)(3). In this case, the Commissioner overlooked governing law that makes reinstatement of the Cost Appeal improper, as well as Appellants' counsel's history of missing deadlines and otherwise disregarding court rules. Thus, this motion should be granted.

**A.  Ninth Circuit Law Allows Reinstatement Only if Dismissal Was Based on an Error of Law or Fact.**

Reinstatement of an appeal is an "extraordinary" remedy, and the power to reinstate should be used "sparingly." *Webb v. Clyde L. Choate Mental Health & Dev. Ctr.*, 230 F.3d 991, 997 (7th Cir. 2000). In the Ninth Circuit, such a motion may only be granted if the movant identifies specific points of law or fact that the Court overlooked. 9th Cir. R. 27-10(a)(3) ("A party [filing a motion for reconsideration] shall state with particularity the points of law or fact which, in the opinion of the movant, the Court has overlooked or misunderstood."); *see also Memije v. Gonzales*, 481 F.3d 1163, 1164 (9th Cir. 2007) ("Because petitioners have not identified any points of law or fact

overlooked by the court, these motions [for reconsideration of dismissal of petition for review] are denied.").  In addition, the movant must "indicate how the deficiency has been corrected or explain why correction is impossible." Gen. Order 2.4.[6]  Because these authorities do not authorize reinstatement of the Cost Appeal, the Commissioner's Order Reinstating Appeal should be reversed.

The Commissioner overlooked both requirements for reinstatement: (1) that dismissal of the appeal be based on a misunderstanding of governing law or fact; and (2) that the appellant cure the deficiency or explain why it could not be cured.  First, like the Petitioners in *Memije*, Appellants did not identify any points of fact or law that the Court overlooked.  Nor could they have as there is no dispute that Appellants' brief was more than 30 days late, and that the Clerk has the authority to dismiss cases in which an appellant fails to file a timely opening brief.  *See* 9th Cir. R. 42-1 ("When an appellant fails to . . . file a timely brief . . . an order may be entered by the clerk dismissing the appeal."); Gen. Order 2.3.a. ("If appellant . . . fails to timely file the opening brief, the

---

[6] General Orders govern the Court's internal operation and are not binding on the parties. Fed. R. App. P. 47(a)(1); Gen. Order 12.6, 12.13.  Nevertheless, because it specifies the procedure that Appellants were required to follow, General Order 2.4 is relevant to this motion.

Clerk shall dismiss the appeal for failure to prosecute no sooner than 14 days after the brief's due date has passed.").[7]

Second, Appellants did not correct their deficiency by submitting a copy of their brief with their motion, or explain why they could not do so, as the Court's rules require. *See* Goelz, Watts & Batalden, RUTTER GROUP PRAC. GUIDE: FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE § 6:229.2, at 6-40 (2015). Appellants had 45 days to seek reinstatement of their cost appeal, *see* 9th Cir. R. 27-10(a)(1); Fed. R. App. P. 40(a)(1)(D),[8] and with that request, to submit the brief they had neglected to file, Gen. Order 2.4. Rather than doing this, they baldly asked for their appeal to be reinstated. Their failure to comply

---

[7] Appellants implicitly agreed that the Clerk had complied with governing law when they pointed to their own mistaken belief that the Substantive Appeal and the Cost Appeal had been consolidated in their motion for reconsideration. Cost App. Dkt. # 8, at 1–2, ¶ 1. That alleged mistake, even if the Court credits it, *see infra* Part III.B, does not justify reinstatement. *Webb*, 230 F.3d at 997 (explaining that counsel's misunderstanding of the law or facts is insufficient to justify reinstatement).

[8] Ninth Circuit Rule 27-10(a)(1) provides that "the time limits and other requirements of FRAP 40" apply to all motions for reconsideration of any order terminating an appeal. Thus, the timeline for seeking reconsideration was 45 days (as opposed to the standard 14) because two of the parties (Appellees Rudd and Towery) are "current or former United States . . . employee[s] sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf." Fed. R. App. P. 40(a)(1)(D).

with this Court's rules in the first instance cannot, and should not, be excused by a failure to follow this Court's rules a second time.

**B.**    **Appellants' Alleged Inadvertence and Good Faith Are Not a Basis for Reinstating the Appeal.**

The Commissioner's Order Reinstating Appeal does not articulate any reasoning in support of reinstatement. To the extent the Commissioner relied on the authority Appellants cited, however, the Commissioner erred. Neither of the rules Appellants relied on apply to their motion. First, Federal Rule of Civil Procedure 60(b) does not apply before this Court. *UAW Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965) ("The Federal Rules of Civil Procedure . . . apply only in the federal district courts."). Second, Federal Rule of Appellate Procedure 26(b) only applies to pending appeals, not those that have been dismissed.[9]

Even if Federal Rule of Civil Procedure 60(b) or Federal Rule of Appellate Procedure 26(b) applied here—and they do not—Appellants failed to satisfy them. With respect to Federal Rule of Appellate Procedure 26(b), that

---

[9] *Cf. Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) ("[O]rdinarily we follow the more specific rule over one more general, and our specific prohibition on district courts granting jury trials where the parties have failed to comply with Rule 38 must trump the more general discretionary powers of district courts to permit plaintiffs to dismiss under Rule 41(a)(2)." (citation omitted)).

rule requires "good cause" (not "good faith"), which means "extenuating circumstances" "not within the control of the movant." *In re Gallo*, 585 F.3d 304, 305 (7th Cir. 2009) (denying motion to extend time under Federal Rule of Appellate Procedure 26(b)); *cf. Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments)). Counsel's inadvertence is not enough to satisfy the "good cause" requirement. *Cf. Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (inadvertence did not constitute good cause under Federal Rule of Civil Procedure 4(j) (current version at Fed. R. Civ. P. 4(m) (2007))).

As for Federal Rule of Civil Procedure 60(b)(1), that rule authorizes (but does not require) relief from a district court judgment only when there is an "understandable excuse for the tardiness." 12 *Moore's Federal Practice*, § 60.41[1][c][ii] (Matthew Bender 3d ed.) (discussing Federal Rule of Civil Procedure 60(b)(1)). This means that the excuse must be objectively (not just subjectively) reasonable. *Cf. Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990) (applying an objective, not subjective, reasonableness standard to a frivolous filing determination). Under this objective test, "attorney error is insufficient grounds for relief under . . . Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Ann. Co. v. Llewellyn*, 139 F.3d 664,

666 (9th Cir. 1997).[10]  Here, Appellants only offered an attorney error, and attorney error cannot support reinstating the appeal.

Finally, Appellants' argument also fails as a factual matter.  The facts indicate that counsel knew the two appeals had not been consolidated.  *See* Cost App. Dkt. # 3; Subst. App. Dkt. # 16, at 2.  Moreover, even if Mr. Hildes was confused about that fact, it strains common sense to think that all six attorneys for Appellants made the same error as he did.[11]

In light of these authorities, the Commissioner doubly erred if he determined that reconsideration was justified under Federal Rule of Appellate Procedure 26(b) or Federal Rule of Civil Procedure 60(b)(1).  First, those rules do not apply here.  Second, even if they did apply, Appellants cannot satisfy their requirements.

---

[10] *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), rejected a *per se* rule that attorney error cannot constitute excusable neglect but did not alter the general rule. *Int'l Allied Printing Trades Ass'n v. Am. Lithographers Inc.*, 233 F.R.D. 554, 555 n.2 (N.D. Cal. 2006).

[11] Although only three attorneys are listed as counsel of record on the appellate dockets, Mr. Hildes has insisted that all six attorneys who were counsel of record in the district court are working on this appeal, and he objected when Mr. Rudd's counsel did not contact all six attorneys regarding issues related to the appeals. *See* Subst. App. Dkt. # 20-2, ¶¶ 16–17, 24–26.  Thus, there is no doubt that all six attorneys are involved in this appeal.

**C.    Mr. Hildes Should Not Be Allowed To Continue To Flout Court Rules with Impunity, and Allowing Him To Do So Undermines Court Proceedings and the Governing Rules.**

Finally, the Order Reinstating Appeal overlooked Mr. Hildes's long history of missed deadlines and delay, not only in this case, but in others as well. *See* Cost App. Dkt. # 9, at 10.  As explained in Part II.A. *supra*, on multiple occasions Appellants' counsel missed district court deadlines, and did not seek extensions of time until after the filing deadline had passed.  What's more, counsel continued to seek extensions even after Judge Leighton clearly stated that he would not tolerate more delay.  W.D. Wash. Dkt. # 227, 257, 301, 317. The most charitable characterization of Mr. Hildes's actions in this case is that he is so precariously over-scheduled, and spread so thin, that he has compromised his own health, *see* W.D. Wash. Dkt. # 86, 317, 328 (recounting a month-long flu, a car accident, and stress-related heart issues), and his obligations to those he represents, *see* Wash. RPC 1.3, 1.16(a)(2).

But this behavior extends beyond this case. As Chief Judge Pechman of the Western District of Washington recently explained, "failure to comply with Court deadlines [is] a pattern for Mr. Hildes." *Moba v. Total Transp. Servs., Inc.*, No. C13-138 MJP, 2014 WL 3050461, at *1 (W.D. Wash. July 3, 2014) (citing thirteen cases in support of this finding).  In that case, Chief Judge Pechman first denied Mr. Hildes's Motion to Continue Defendants' Motion for

Summary Judgment, explaining that, not only had the court already extended the discovery deadline in that case to accommodate Mr. Hildes, but he routinely requests extensions in his cases, "suggesting that he cannot adequately manage his caseload." Order Den. Pl.'s Mot. to Continue Def.'s Mot. for Summ. J., *Moba*, No. C13-138 MJP, Dkt. # 46, at 6–7 (W.D. Wash. Apr. 25, 2014). Judge Pechman also expressed concern that granting the motion for a continuance "would only perpetuate Mr. Hildes' behavior of excessively filing for extensions." *Id.* at 7. Subsequently, Judge Pechman dismissed the case, because Mr. Hildes's clients had not responded to discovery, were not reachable, and were not prepared to begin trial on the scheduled trial date.[12] *Moba*, 2014 WL 3050461, at *3–*4.

Allowing counsel to flout court rules breeds cynicism and a lack of respect. It also makes it more difficult for the Court to enforce those rules against others. The Court should be mindful of the harmful message it will send if it repeatedly allows a practitioner to disregard the Court's rules without consequence.

---

[12] She also "strongly urged" Mr. Hildes to "seek assistance from the [Washington State Bar Association's] Lawyers Assistance Program, and to find [new] counsel for his clients." *Moba*, 2014 WL 3050461, at *4.

## IV.  CONCLUSION

For the foregoing reasons, Appellees Thomas R. Rudd, John J. Towery, City of Tacoma, Gary Smith, and Mark Fedderson  respectfully ask this Court to reconsider the Order Reinstating Appeal and dismiss the Cost Appeal for failure to prosecute.

DATED this 18th day of March, 2015.

K&L Gates LLP

By: ___ s/ Theodore J. Angelis _____

   Theodore J. Angelis, WSBA No. 30300
   Pallavi Mehta Wahi, WSBA No. 32799
   Heidi Craig Garcia, WSBA No. 41399
   Peter A. Talevich, WSBA No. 42644
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: 206-623-7580
Facsimile: 206-623-7022
Email: theo.angelis@klgates.com
      pallavi.wahi@klgates.com
      heidi.garcia@klgates.com
      peter.talevich@klgates.com
Attorneys for Appellee/Defendant
Thomas Rudd

Tacoma City Attorney's Office

By: ___ s/Jean P. Homan _____

   Jean P. Homan, WSBA No. 27084
747 Market Street, Suite 1120
Tacoma, WA 98402
Telephone: 253-591-5629
Facsimile: 253-591-5755
Email: jhoman@ci.tacoma.wa.us

Attorneys for Appellees/Defendants
City of Tacoma, Gary Smith and Mark
Fedderson

McKay Chadwell, PLLC

By:   s/ Thomas M. Brennan

    Thomas M. Brennan, WSBA No. 30662
    Michael D. McKay, WSBA No. 30662
600 University Street, Suit 1601
Seattle, WA 98101-4124
Telephone: 206-233-2800
Facsimile: 206-233-2809
Email: tmb@mckay-chadwell.com
      mdm@mckay-chadwell.com
Attorneys for Appellee/Defendant
John J. Towery

CERTIFICATE OF SERVICE

U.S. Court of Appeals Docket No.      14-35816

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 18, 2015.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Signature:     s/ Theodore J. Angelis

K:\2067584\00001\21446_TJA\21446P26J6

ATTACHMENT  1

1          HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
8                           AT TACOMA

9    JULIANNE PANAGACOS, et al.,          CASE NO. C10-5018 RBL

10                        Plaintiffs,      ORDER ON MOTIONS EXCLUDE
                                          WITNESSES AND FOR
11              v.                         ADDITIONAL TIME TO
                                          PROPERLY DISCLOSE
12   JOHN J TOWERY, et al.,                WITNESSES

13                        Defendants.      [Dkt. #s 212, 216, 226]

14          THIS MATTER is before the court on Plaintiffs' Motions for Extension of Time to File

15   Expert Reports [Dkt. # 212] and from Relief for Case Management Deadlines [Dkt. # 226], and

16   upon Defendants' Motion to Exclude those same witnesses, due to late reports [Dkt. # 216].

17          The Court is reluctant to continually enable Plaintiffs' counsel's apparent inability to

18   comply with the Court's schedule—even when that schedule is modified at the Plaintiffs'

19   request.  Nor is it unsympathetic to Defendants' concerns about their ability to prepare for trial in

20   the absence of the expert reports that are required in virtually every civil case, according to a

21   familiar, predictable, and well-publicized format and schedule.

22          Nevertheless, this 2010 case, concerning 2007 events, has already been to the Ninth

23   Circuit once, and the trial date is still six months away.  There is time—barely—to permit the

24

1  Plaintiffs one more chance to properly and fairly disclose their experts and their experts'

2  opinions, without jeopardizing that trial date.  The Motions to Modify the Schedule [Dkt. #s 212

3  and 226] are GRANTED to the extent shown in the new (and final) Case Scheduling Order

4  entered today.  The Motion to Exclude Plaintiffs' Expert Witnesses [Dkt. # 216] is DENIED

5  without prejudice.

6       The Plaintiffs have now exhausted their contingencies, and future efforts to modify this

7  schedule, or to avoid the consequences of the failure to follow the basic civil rules, will not be

8  successful in any but the most extreme circumstances.

9       IT IS SO ORDERED.

10      Dated this 31st day of December, 2013.

11

12                                        _____
                                          RONALD B. LEIGHTON
13                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

ATTACHMENT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYNALEM MOBA, et al.,<br><br>                    Plaintiff,<br><br>    v.<br><br>TOTAL TRANSPORTATION<br>SERVICES INC, et al.,<br><br>                    Defendant. | CASE NO. C13-138 MJP<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR A CONTINUANCE<br>AND GRANTING IN PART<br>DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendants Seattle Freight Services, Inc.

("Seattle Freight"), Rick Livingston ("Livingston"), and Vance Rogers' ("Rogers") Motion for

Summary Judgment.  Plaintiffs filed an opposition brief, in which they request a continuance

pursuant to Fed. R. Civ. P. 56(d).  The Court considered the Motion for Summary Judgment

(Dkt. No. 30), Plaintiffs' Motion to Continue Defendants' Motion for Summary Judgment (Dkt.

No. 42), the Reply (Dkt. No. 45), and all related documents.  The Court DENIES Plaintiffs'

Motion to Continue.  The Court GRANTS in part and DENIES in part Defendants' Motion for

Summary Judgment.

Case 2:13-cv-00138-MJP Document 45 Filed 04/25/14 Page 23 of 30

## Discussion/Analysis

**A. Motion for Fed. R. Civ. P. 56(d) Continuance**

Under Fed. R. Civ. P. 56(d), "the district court may refuse to grant the party's application for summary judgment if the opposing party needs time to discover central facts." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523 (9th Cir. 1989). Although a motion for continuance is made pursuant to Fed. R. Civ. P. 56(d), prior to 2010 the motion was made pursuant to Fed. R. Civ. P. 56(f). Fed. R. Civ. P. 56(d) (amended 2010). Plaintiffs move to continue Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) in their opposition brief. (Dkt. No. 42.) In this brief, Plaintiffs only provide support for their Fed. R. Civ. P. 56(d) motion and do not make substantive arguments opposing summary judgment. (Id.)

**a. Legal Standard**

Under Fed. R. Civ. P. 56(d), if a nonmovant shows by declaration or affidavit it cannot present facts essential to justify its opposition for specific reasons, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id. The court may order a continuance for a summary judgment motion if the requesting party "submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to justify its claims." Family Home and Fin. Center, Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). The party making the request must show:

(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

Id. The party must also show it has diligently pursued discovery. Qualls By and Through Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994). If the requesting party does not comply with these requirements, the court may proceed to summary judgment. Id. The burden

ORDER DENYING PLAINTIFFS' MOTION FOR
A CONTINUANCE AND GRANTING IN PART
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 5

1   lies with "the party seeking additional discovery to proffer sufficient facts to show that the

2   evidence sought exists" and that it would prevent summary judgment. <u>Nidds v. Schindler</u>

3   <u>Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1996).

4        Plaintiffs' counsel, Mr. Hildes, requests a continuance asserting he needs to take specific

5   depositions, those of Livingston, Rogers, Gary Roddia, and Kevin Coon, but the discovery

6   deadline has passed and he has not shown he has diligently pursued discovery.  This action was

7   filed on January 24, 2013.  (Dkt. No. 1.)  The discovery deadline was initially November 15,

8   2013.  (Dkt. No. 13).  The Court granted Plaintiffs' motion to extend the deadline to February 7,

9   2014, to accommodate Mr. Hildes' travel and trial schedule.  (Dkt. No. 19.)  Mr. Hildes did not

10  request to depose Livingston, Rogers, Roddia, or Coon until February 13, 2014.  (Dkt. No. 44 at

11  1.)  Counsel scheduled Livingston and Rogers' depositions for February 24, 2014.  (<u>Id.</u>)  Due to

12  snow conditions, Mr. Hildes requested the February 24th depositions be rescheduled for the

13  following day.  (<u>Id.</u>)  Mr. Hildes completed Livingston's deposition, but not Rogers'.  (<u>Id.</u> at 2.)

14  The Court already extended the discovery deadline to accommodate Mr. Hildes, yet he still failed

15  to take the depositions of those Defendants or witnesses he believes necessary to support his

16  case.  Further, Mr. Hildes fails to set forth the specific facts he hopes to elicit from further

17  discovery.  <u>See</u> <u>Family Home and Fin. Center, Inc.</u>, 525 F.3d at 827.

18        Mr. Hildes routinely requests extensions, suggesting he cannot adequately manage his

19  case load.  (<u>Acorn et al. v. City of Seattle et al.</u>, Case No. 05-00460, Dkt. No. 39 (W.D. Wash.

20  2005); <u>White v. Witt</u>, Case No. 05-00695, Dkt. No. 75 (W.D. Wash. 2005); <u>Skvorak et al. v.</u>

21  <u>Thurston County et al.</u>, Case No. 05-05100, Dkt. No. 42 (W.D. Wash. 2005); <u>Dunn et al. v. Hyra</u>

22  <u>et al.</u>, Case No. 08-00978, Dkt. No. 34 (W.D. Wash. 2008); <u>Hall et al. v. County of Whatcom</u>

23  <u>(WCSO) et al.</u>, Case No. 09-01545, Dkt. No. 151 (W.D. Wash. 2009); <u>Love et al. v. City of</u>

24  ORDER DENYING PLAINTIFFS' MOTION FOR
    A CONTINUANCE AND GRANTING IN PART
    DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT- 6

1    Olympia et al., Case No. 09-05531, Dkt. No. 35 (W.D. Wash. 2009); Klyne v. Lindros et al.,

2    Case No. 12-05105, Dkt. No. 19 (W.D. Wash. 2012); Rojsza v. Ferndale et al., Case No. 12-

3    01149, Dkt. Nos. 10, 15 (W.D. Wash. 2012); Elmi et al. v. SSA Marine, Inc. et al., Case No. 13-

4    01703, Dkt. No. 14 (W.D. Wash. 2013); Hendricks et al. v. Pierce County et al., Case No. 13-

5    05690, Dkt. Nos. 20, 25 (W.D. Wash. 2013)).  Granting Plaintiffs' motion for a continuance

6    would only perpetuate Mr. Hildes' behavior of excessively filing for extensions.  The Court

7    DENIES Mr. Hildes' motion because he failed to diligently pursue discovery and does not set

8    forth specific facts he hopes to elicit from further discovery.

9       **B.  Motion for Summary Judgment**

10          **a.  Legal Standard**

11

12          Summary judgment is appropriate under Fed. R. Civ. P. 56(a) "if the movant shows that

13   there is no genuine dispute as to any material fact."  See Celotex Corp. v. Catrett, 477 U.S. 317,

14   327 (1986).  Inferences drawn from the underlying facts must be viewed in the light most

15   favorable to the non-moving party.  Matsushita Elec. Indus. Co., LTD. v. Zenith Radio Corp.,

16   475 U.S. 574, 587 (1986).  When the moving party has met its burden of showing no genuine

17   issue of fact exists, "its opponent must do more than simply show that there is some

18   metaphysical doubt as to the material facts."  Id. at 586.  The non-moving party must come

19   forward with specific facts that show a genuine issue exists for trial.  Id. at 587.  No genuine

20   issue for trial exists if the "record taken as a whole could not lead a rational trier of fact to find

21   for the non-moving party."  Id.  When an opposing party fails to respond to the motion for

22   summary judgment, the court does not consider such failure to be an admission the motion has

23   merit.  LCR 7(b)(2).

24

ORDER DENYING PLAINTIFFS' MOTION FOR
A CONTINUANCE AND GRANTING IN PART
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 7

allege what duty Defendants had, how they breached it, or how it proximately caused injury to Plaintiffs.  In order to survive summary judgment on an IIED claim, Plaintiffs must establish (1) outrageous and extreme conduct, (2) intentional or reckless infliction of emotional distress, and (3) an actual result of severe emotional distress to Plaintiffs.  Kloepfel v. Bokor, 149 Wn. 2d 192, 195 (2003).  Plaintiffs do not assert any emotional distress they suffered as a result of Defendants' alleged conduct.  The Court GRANTS summary judgment on the negligence and emotional distress claims.

### Conclusion

The Court DENIES Plaintiffs' request for a continuance.  The Court GRANTS summary judgment in favor of Defendants on Plaintiffs' claims except the hostile work environment claim. The Court DENIES summary judgment on the hostile work environment because genuine issues of material fact remain.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 25, 2014.


Marsha J. Pechman
Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR
A CONTINUANCE AND GRANTING IN PART
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT- 16

ATTACHMENT  3

2014 WL 3050461

2014 WL 3050461
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington,
at Seattle.

Aynalem MOBA, et al., Plaintiffs,
v.
TOTAL TRANSPORTATION
SERVICES INC., et al., Defendants.

No. C13–138 MJP. | Signed July 3, 2014.

**Attorneys and Law Firms**

Lawrence A. Hildes, Bellingham, WA, for Plaintiffs.

Lucy Russell Clifthorne, Vandeberg, Johnson & Gandara,
Tacoma, WA, for Defendants.

### ORDER GRANTING DEFENDANTS'
### MOTION FOR CONTEMPT AND
### SANCTIONS AND DISMISSING CASE

MARSHA J. PECHMAN, Chief Judge.

**\*1** This matter is before the Court on Defendants' motion
for contempt and sanctions based on Plaintiffs' failure
to comply with discovery and with this Court's previous
Order compelling Plaintiffs to comply. (Dkt. No. 54 at 1.)
Defendants ask the Court to dismiss Plaintiffs from the
lawsuit with an award of costs as a sanction, or alternatively,
limit Plaintiffs' testimony and evidence to that which was
timely disclosed. (*Id.* at 2.) The Court considered the motion,
Plaintiffs' response (Dkt. No. 62), and Defendants' reply (Dkt.
No. 66). The motion was discussed at a pretrial conference
held in open court on June 30, 2014. The trial date of this case
is July 7, 2014. (Dkt. No. 19.)The motion is GRANTED and
this case is DISMISSED. Dismissal is with prejudice as to
Plaintiffs Amanuel Medhani and Gidez Beraki. Dismissal is
without prejudice as to all other Plaintiffs.

### Background

Plaintiffs brought suit against Defendants alleging violations
of the Fair Labor Standards Act ("FLSA"), violations of the
Washington Law Against Discrimination Act ("WLAD"),
violations of Washington wage laws, intentional infliction of

emotional distress, and negligence. (Dkt. No. 1.) Defendants
moved for summary judgment (Dkt. No. 30), and Plaintiffs
filed opposition to the summary judgment motion and moved
for a continuance pursuant to Fed.R.Civ.P. 56(d). (Dkt. No.
42.)On April 25, 2014, this Court granted summary judgment
on all claims except the hostile work environment claim
brought under the Washington Law Against Discrimination.
(Dkt. No. 46 at 14.)The Court denied Plaintiffs motion for a
continuance. (*Id.* at 16.)

In the Order denying a continuance, the Court addressed
concerns regarding Plaintiffs' counsel Lawrence Hildes's
continual difficulty meeting Court deadlines and participating
in discovery. The Court noted the discovery deadline had
already been extended once to accommodate Mr. Hildes's
travel and trial schedule. (Dkt. No. 46 at 6.) The Court
also raised a concern that the failure to comply with Court
deadlines was a pattern for Mr. Hi ldes, referencing the
following cases: *Acorn et al. v. City of Seattle et al.,* Case
No. 05–00460, Dkt. No. 39 (W.D.Wash.2005); *White v.
Witt,* Case No. 05–00695, Dkt. No. 75 (W.D.Wash.2005);
*Skvorak et al. v. Thurston County et al.,* Case No. 05–
05100, Dkt. No. 42 (W.D.Wash.2005); *Dunn et al. v. Hyra
et al.,* Case No. 08–00978, Dkt. No. 34 (W.D.Wash.2008);
*Hall et al. v. County of Whatcom (WCSO) et al.,* Case No.
09–01545, Dkt. No. 151 (W.D.Wash.2009); *Love et al. v.
City of Olympia et al.,* Case No. 09–05531, Dkt. No. 35
(W.D.Wash.2009); *Klyne v. Lindros et al.,* Case No. 12–
05105, Dkt. No. 19 (W.D.Wash.2012); *Rojsza v. Ferndale et
al.,* Case No. 12–01149, Dkt. Nos. 10, 15 (W.D.Wash.2012);
*Elmi et al. v. SSA Marine, Inc. et al.,* Case No. 13–
01703, Dkt. No. 14 (W.D.Wash.2013); *Hendricks et al. v.
Pierce County et al.,* Case No. 13–05690, Dkt. Nos. 20, 25
(W.D.Wash.2013).(*Id.* at 6–7.)Since the Court's Order on
summary judgment, Mr. Hildes has also requested extensions
of time in *Young v. McEachron,* Case No. 14–590, Dkt. No.
13 (W.D.Wash.2014) and in *Hendricks v. County of Pierce
(PSCO),* Case No. 13–5690, Dkt. No. 35 (W.D.Wash.2014).
This problem of failing to adhere to court scheduling orders
goes back many years, and has been repeated with multiple
judges in the District. See, *Panagacos v. Towery,* Case No.
10–5018, Dkt. No. 227 (W.D.Wash.2013) ("The Court is
reluctant to continually enable Plaintiffs' counsel's apparent
inability to comply with the Court's schedule-even when that
schedule is modified at the Plaintiffs' request.")

**\*2** On April 28, 2014, this Court granted a motion to compel
brought by Defendants, ordering Plaintiffs to fully answer
interrogatories and requests for production by May 6, 2014,

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Moba v. Total Transp. Services Inc., Slip Copy (2014)

Case: 14-35598, 03/18/2015, ID: 9463054, DktEntry: 33, Page 29 of 30

2014 WL 3050461

including production of requested tax returns. (Dkt. No. 47 at 4.) Upon finding Plaintiffs' counsel had inappropriately instructed a deponent not to answer certain questions, the Court also extended the discovery deadline to May 28, 2014 for depositions to be reconvened.(*Id.*) Defendants allege Plaintiffs' counsel indicated he would stipulate to dismissal of Plaintiffs who failed to comply with the Court's Order. (Dkt. No. 54 at 3.) On May 5, 2014, Defendants provided Plaintiffs with a list of Plaintiffs who either failed to answer interrogatories or failed to produce documents. (Dkt. No. 59 at 5.) No extension of the May 6, 2014 deadline was requested of the Court.

On May 12, 2014, Defendants learned Plaintiffs' attorney was ill, and refrained from contacting Plaintiffs until May 16, 2014, at which point Plaintiffs counsel was advised any dismissals should include an award of costs. (Dkt. No. 54 at 3.) Defendants received interrogatory answer verification pages from 20 Plaintiffs, unattached to interrogatory answers and including verifications from some Plaintiffs who had not sent any actual answers on May 23, 2014, and on May 29, 2014 Defendants advised Plaintiffs the motion for sanctions at issue here would be filed on June 4, 2014. (Dkt. No. 55 at 2–3.)On June 4, 2014, six more responses were received. (*Id.*)

As of the date Defendants filed for sanctions, Plaintiffs Beraki, Medhani, and D. Gebremichael did not answer interrogatories, Plaintiffs Beraki, Chernat, Fentea, Girmay, Medhani, and H. Tsegay produced no documents, and not a single Plaintiff produced 2013 tax returns. (Dkt. No. 55 at 3.) Plaintiff Fentea did answer interrogatories, but Defendants allege the answers were insufficient. (Dkt. No. 59–1 at 5.) Of the Plaintiffs who answered interrogatories, at least six Plaintiffs (Sebhatu, H. Tsegay, Gebrehiwet, Kidane, Teklemarium, and S. Tsegay) did not answer until June 4, 2014. (Dkt. No. 55 at 3.)

The Court's Order compelling Plaintiffs to comply with discovery obligations also allowed Defendants to reconvene depositions at Plaintiffs' expense by May 28, 2014. (Dkt. No. 47 at 4.) On May 16, 2014, Defendants sent a letter to Mr. H i ldes noting Defendants had requested depositions be reconvened, and Defendants had agreed to schedule depositions after a May 15, 2014 settlement conference. (Dkt. No. 59 at 7.) Mr. Hildes later requested the mediation be rescheduled to May 28, 2014.(*Id.*) Mediation was completed unsuccessfully, and Defendants attempted to schedule the depositions of Plaintiffs Moba and C. Gebremichael. (*Id.*) Reconvened depositions were not successfully scheduled or

completed, and Defendants were ultimately able to take only 5 depositions. (Dkt. No. 54 at 2.) Defendants represented at the June 30, 2014 pretrial conference that in preparation for trial they had intended to take each Plaintiff's deposition after reviewing answers to interrogatories and tax returns.

**\*3** The difficult discovery issues in this case are further complicated by the need for interpreters in multiple languages. As of one week before trial, Mr. H i ldes had not made arrangements for interpreters for presentation of each Plaintiff's testimony at trial, nor was there certification accompanying the answers to interrogatories that they were interpreted for the Plaintiffs so that they knew what they were verifying.

At the pretrial conference, Plaintiffs agreed two Plaintiffs, Amanuel Medhani and Gidez Beraki, should be dismissed from this case with prejudice because they have not responded to discovery and are not reachable, or no longer wish to be in this case. Plaintiffs indicated at the conference they were not prepared to begin trial on the scheduled trial date.

## Analysis

A court may award sanctions against a party that fails to comply with a discovery order, up to and including dismissal of the action in whole or in part, or entering default judgment against a party. Fed.R.Civ.P. 37(d)(3). Courts "weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."*Allen v. Bayer Corp.*, 460 F.3d 1217, 1226 (9th Cir.2006) (i nternal citations omitted). These factors are not conditions precedent to issuing a sanction, but a way for courts to determine the best course of action. *Id.* Dismissal is a harsh penalty, and should only be imposed in extreme circumstances. *Id.* A court must generally consider less drastic alternative sanctions before using the sanction of dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990)."Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive."*Id.*

Defendants argue the harshest sanction of complete dismissal is appropriate because Plaintiffs' failure to comply with

Moba v. Total Transp. Services Inc., Slip Copy (2014)

2014 WL 3050461

discovery is not justified or harmless, and this Court already utilized a less drastic sanction in granting Defendants' earlier motion to compel. (Dkt. No. 54 at 9.) Plaintiffs assert delays in compliance with discovery were justified, caused by Plaintiffs' counsel's illness and obligations in a separate case. (Dkt. No. 62 at 5.) Plaintiffs also assert a belief that Defense counsel verbally granted Plaintiffs additional time, until June 4, 2014, to comply with this Court's discovery Orders. (*Id.*)

Upon consideration of the factors provided by the Ninth Circuit, the Court finds the sanction of dismissal without prejudice the best and most practical course of action in this case. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."*Adriana Intl. Corp.,* 913 F.2d at 1412. "Failure to produce documents as ordered ... is considered sufficient prejudice."*Id.* Plaintiffs failed to comply with discovery, even following an Order compelling them to do so, and the Court will not require Defendants to defend themselves without the benefit of depositions and complete discovery responses. Allowing this case to proceed to trial would be prejudicial to Defendants.

 **\*4** The Court also finds less severe sanctions would not be adequate under the circumstances in this case. The history of this litigation indicates any further extension of time would only result in waste, and would hinder the proper administration of justice. Dismissal is appropriate given the repeated warnings from this Court that Plaintiffs must comply with their discovery obligations in a timely manner. (*See,* Dkt. No. 47.)Additionally, dismissal without prejudice will allow Plaintiffs to re-file this case and properly participate in discovery. While some Plaintiffs allege negative treatment occurring as far back as "around 10 years ago" (Dkt. No. 59 at 3), most allegations of hostile work environment are alleged between 2011 and 2013.(*See,* Dkt. No. 58 at 3.) Plaintiff Sebhatu describes 2013 as "the worst year for us." (Dkt. No. 59–1 at 15.)While the Washington Law Against Discrimination does not contain its own limitations period, Washington Courts apply the general statute of limitations for personal injury actions *Antonius v. King County,* 153 Wash.2d 256, 261, 103 P.3d 729 (2004), RCW 4.16.080(2). The applicable statute of limitations is three years, and most of Plaintiffs' allegations will be capable of timely re-filing. *Id.*

Finally, while the Court is sympathetic to Plaintiffs' counsel's health concerns, the Court finds that even with the described limitations counsel should have been able to comply with discovery in this case. Counsel asserts he fell ill on May 10, 2014, and was incapacitated until May 17, 2014. (Dkt. No. 62 at 2.) This Court's Order on Defendants' motion to compel was filed on April 28, 2014, and required compliance by May 6, 2014, before the alleged illness onset date. (Dkt. No. 47.)At the pretrial conference held on June 30, 2014, Plaintiffs' counsel had no clear plan for the presentation of evidence or proof of damages. Plaintiffs' counsel had no plan for how the Court or jury would grapple with 25 individual Plaintiffs using multiple languages, and no plan for how each individual Plaintiff would be presented. In short, Plaintiffs were not ready to go to trial, and based upon Mr. Hildes's inability to organize and respond to deadlines and discovery throughout the case, there appeared to the Court no date or extension of time that could cure his disorganization.

Health and scheduling problems appear to be an ongoing issue for Plaintiffs' counsel, and the Court reminds counsel of the obligations of Rule 1.16(a)(2) of the Washington Rules of Professional Conduct. This Rule requires an attorney to withdraw from representation of a client if "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client."Mr. Hildes is strongly urged by this Court to contact the Washington State Bar Association to seek assistance from the Lawyers Assistance Program, and to find counsel for his clients while he attends to his own physical and mental health issues.

### Conclusion

 **\*5** Plaintiffs failed to comply with the discovery Orders of this Court. If this case were allowed to go forward, Defendants would be prejudiced by their inability to obtain full discovery. No sanction less drastic than dismissal is appropriate. Defendants' motion for contempt and sanctions is GRANTED and this case is DISMISSED. Dismissal is with prejudice as to Plaintiffs Amanuel Medhani and Gidez Beraki. Dismissal is without prejudice as to all other Plaintiffs. No costs or fees are awarded.

The clerk is ordered to provide copies of this order to all counsel.

---

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.