NOS. 14-35598, 14-35816

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JULIANNE PANAGACOS, et al.,

Appellants/Plaintiffs,

v.

JOHN J. TOWERY, et al.,

Appellees/Defendants.

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 0 4 2015

FILED _____
DOCKETED _____
DATE          INITIAL

NOTIFICATION OF FILING UNDER SEAL

JEAN P. HOMAN
WSBA #27084
TACOMA CITY ATTORNEY'S
OFFICE
747 Market Street, Suite 1120
Tacoma, WA 98402
Telephone: (253) 591-5885
Facsimile: (253) 591-5755
E-mail: jhoman@cityoftacoma.org

Attorney for Defendants-Appellees

Pursuant to Ninth Circuit Rule 27-13, Appellees/Defendants give notice to the Court and all parties that Vol. VIII and IX of Appellees' Joint Supplemental Excerpts of Record has been filed under seal pursuant to the Protective Order entered in Julianne Panagacos et al. v. Towery et al., Western District of Washington No. 3:10-cv-05018-RBL, Dkt. No. 215, a copy of which is attached as Exhibit 1.

DATED this 25th day of November, 2015.

Respectfully submitted,

ELIZABETH A. PAULI, City Attorney

By: s/ JEAN P. HOMAN
JEAN P. HOMAN, WSBA #27084
Deputy City Attorney

Attorney for Tacoma Defendants/Appellees

# EXHIBIT 1

Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIANNE PANAGACOS, MALLORY HAGEL, STEPHANIE SNYDER, EMILY COX, KIM CHAPLIN, MOLLY PORTER, FIBIOLA ROMERO, ANDREA ROBBINS, JULIA GARFIELD, ERAN RHODES, ELI EVANS, CHRIS GRANDE, DAVI RIOS,

Plaintiffs,

v.

JOHN J. TOWERY, THOMAS R. RUDD, CLINT COLVIN, CITY OF OLYMPIA, TOR BJORNSTAD, et al.,

Defendants.

No. C10-05018-RBL

STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively

STIPULATED PROTECTIVE ORDER - 1
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  entitle parties to file confidential information under seal.

2  2.    "CONFIDENTIAL" MATERIAL

3      "Confidential" material shall include the following documents and tangible things

4  produced or otherwise exchanged:

5          (a)  internal Army employee records;

6          (b)  defendant personal information, training, review, pay, evaluation, and

7  discipline materials;

8          (c)  employee personal information, training, review, pay, evaluation, and

9  discipline materials;

10         (d)  any information that the producing party is obligated by contract or state or

11 federal law to keep confidential;

12         (e)  medical records or other personal information of any employee or other

13 person; and

14         (f)  any document that the United States Army or any other department of the

15 federal government has ordered a subordinate employee and/or the parties to this litigation to

16 keep confidential.

17 3.    SCOPE

18     The protections conferred by this agreement cover not only confidential material (as

19 defined above), but also (1) any information copied or extracted from confidential material;

20 (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any

21 testimony, conversations, or presentations by parties or their counsel that might reveal

22 confidential material.  However, the protections conferred by this agreement do not cover (a)

23 any information that is in the public domain or becomes part of the public domain through

24 trial or otherwise; or (b) any information known to the receiving party prior to the disclosure

25 or obtained by the receiving party after the disclosure from a source who obtained the

26 information lawfully and under no obligation of confidentiality to the designating party. Any

STIPULATED PROTECTIVE ORDER - 2
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

use of protected material at trial shall be governed by a separate agreement or order.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1  Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2  Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)  the receiving party's counsel of record in this action, as well as employees of counsel[1] to whom it is reasonably necessary[2] to disclose the information for this litigation;

        (b)  the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

        (c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

[1] As used throughout this Stipulated Protective Order, the term "employee of counsel" shall include unpaid volunteers associated with counsel for any party, and such designation shall not be open to challenge so long as the volunteer has executed the "Acknowledgement And Agreement To Be Bound" attached hereto as Exhibit A.
[2] The receiving party's counsel of record determines whether disclosure is "reasonably necessary" as used throughout this stipulation.  That determination is not subject to challenge on the grounds that disclosure was not reasonably necessary, but can be challenged based on violation of any other portion of protective order, including whether the person was an employee.

STIPULATED PROTECTIVE ORDER - 3
Case No. C10-05018-RBL
K:\20875841\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Acknowledgement and Agreement to be Bound</u>.  All persons receiving copies of Confidential material (other than the court, court personnel, and court reporters and staff and the author or recipient of a document containing the information) shall sign a copy of the "Acknowledgement and Agreement to be Bound" (Exhibit A) prior to receiving any such material.  Counsel for each party shall maintain a list of all persons who have been provided access to Confidential material and a file containing the signed Acknowledgement and Agreement to be Bound.  Copies of said lists and files shall be made available to all other counsel in this litigation upon request.

4.4     <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be

STIPULATED PROTECTIVE ORDER - 4
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    4.5   <u>Sanctions.</u> The parties agree that the appropriate sanction for knowing or intentional disclosure of any confidential material to any person other than as authorized under paragraph 4.2, is a substantial monetary penalty, payable into a Court administered fund. In the event that any confidential material is disclosed to an unauthorized person either directly or indirectly (for example, by posting the material on the internet) any party to this litigation may file a motion for sanctions in this Court and the Court will issue an order to show cause as to why the party and/or his or her attorney should not be sanctioned for violating this protective order. Nothing in this paragraph prevents a party from challenging the designation of a document or other discovery material as confidential.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER - 5
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): The designating party must affix the word "Confidential" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins); provided, however, that a party may designate documents produced in this matter as "Confidential" on a family level (*e.g.*, an email and its attachment(s)) in order to reduce cost and burden during the review and production process. The parties acknowledge that the designation by a producing party of a document as "Confidential" does not impose any obligation upon the court, if the document is filed in this case or if it or any portion of it is quoted in any document filed with the court, to permit the sealing of said document(s), which sealing is governed by Local Rule 5 or other order of this court.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected

STIPULATED PROTECTIVE ORDER - 6
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   portion(s).

2         (d)    A party or non-party that makes original documents or materials

3 available for inspection need not designate them for protection until after the inspecting party

4 has indicated which material it would like copied and produced. During the inspection and

5 before the designation, all of the material made available for inspection shall be deemed

6 "Confidential." After the inspecting party has identified the documents it wants copied and

7 produced, the producing party must determine which documents, or portions thereof, qualify

8 for protection under this Order. Then, before producing the specified documents, the

9 producing party must affix the "Confidential" legend to each page that contains protected

10 material.

11     5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

12 designate qualified information or items does not, standing alone, waive the designating

13 party's right to secure protection under this agreement for such material. Upon timely

14 correction of a designation, the receiving party must make reasonable efforts to ensure that the

15 material is treated in accordance with the provisions of this agreement.

16     5.4    Initial Treatment as Confidential. All documents shall be treated as if they

17 were designated "Confidential" for fourteen days from the date of production. During that

18 period, counsel for all parties shall have the opportunity to review the material and make

19 additional "Confidential" designations. At the expiration of the fourteen day period, all

20 material shall be affixed (in the manner provided in paragraph 5.2) with the "Confidential"

21 designation and treated in accordance with said designation.

22   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

23     6.1    Timing of Challenges. Any party or non-party may challenge a designation of

24 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

25 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

26 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

STIPULATED PROTECTIVE ORDER - 7
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

STIPULATED PROTECTIVE ORDER - 8
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) The following procedures shall apply in the event that a party serves a subpoena (either for documents or testimony) or other request on a non-party to the litigation:

i. Both parties and non-parties shall be permitted to designate documents as "Confidential," regardless of whether the party or non-party making the designation produced the material or is a recipient of it;

ii. A non-party responding to a subpoena duces tecum or other document request shall produce responsive material to the requesting party only. The requesting party shall then have 14 days from the date of receipt of the material to review the material and make additional "Confidential" designations prior to producing the material to the other parties;

iii. After the requesting party provides the material to the other parties to the litigation, said other parties shall have 14 days from the date of receipt of the material to review the material and make additional "Confidential" designations prior to producing the material to the other parties. During that fourteen day period, all parties shall treat the materials as "Confidential"; and

STIPULATED PROTECTIVE ORDER - 9
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

iv. Nothing in the foregoing paragraphs shall be interpreted as abrogating or altering the provisions of paragraph 5.3, which provide for timely correction of inadvertent failure to designate qualified information or items.

(c) In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the receiving party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the receiving party shall:

i. promptly and in writing notify the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

ii. promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii. make the information requested available for inspection by the non-party.

(d) If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request after designating it as "Confidential." If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.[3] Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential material.

(e) The parties acknowledge that many of the non-party documents sought in

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER - 10
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

this litigation must be obtained from the United States Army through *Touhy* requests, and that

these documents may contain information protected by the Privacy Act. 5 U.S.C. §

552a(b)(11) states "[n]o agency shall disclose any record which is contained in a system of

records by any means of communication to any person, or to another agency, except pursuant

to a written request by, or with the prior written consent of, the individual to whom the record

pertains, unless disclosure of the record would be . . .(11) pursuant to the order of a court of

competent jurisdiction." This stipulated order is such an order permitting the Army to release

Privacy Act protected material. Any documents belonging to or produced by the Army

pursuant to *Touhy* and containing Privacy Act protected material will be marked "Army

Documents Subject to Protective Order" and may also be marked "Confidential," in which

case the documents will be subject to the additional provisions of this protective order. All

such documents must be filed under seal if used in Court. In addition, all covered documents

will be destroyed upon termination of proceedings, to the extent permitted by law. In the

event protected material cannot be destroyed at the conclusion of these proceedings, pursuant

to Washington state law, such material shall be maintained by the receiving party in such a

way as to ensure its continued confidentiality. Additionally, in the event the receiving party

receives a request for any documents protected by this Order pursuant to the Washington

Public Records Act, the receiving party shall give notice to the party or entity that produced

the requested records and shall give the producing party/entity sufficient time to commence an

action in the appropriate court to enjoin disclosure.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

       If a receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under this

agreement, the receiving party must immediately (a) notify in writing the designating party of

the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

protected material, (c) inform the person or persons to whom unauthorized disclosures were

STIPULATED PROTECTIVE ORDER - 11
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    made of all the terms of this agreement, and (d) request that such person or persons execute

2    the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3    10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
           PROTECTED MATERIAL

4

5          When a producing party gives notice to receiving parties that certain inadvertently

6    produced material is subject to a claim of privilege or other protection, the obligations of the

7    receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

8    provision is not intended to modify whatever procedure may be established in an e-discovery

9    order or agreement that provides for production without prior privilege review.  The parties

10   stipulate to the entry of an order regarding the applicability of Fed. R. Evid. 502(d) to this

11   case, in the language set forth in the Order below.

12   11.    TERMINATION AND DESTRUCTION OF CONFIDENTIAL DOCUMENTS

13

14         Except as otherwise prohibited by state or federal law, within 60 days after the

15   termination of this action, including all appeals, each receiving party must certify destruction

16   of all confidential material to the producing party, including all copies, extracts and

17   summaries thereof.  Notwithstanding this provision, counsel are entitled to retain one archival

18   copy of all documents filed with the court, trial, deposition, and hearing transcripts,

19   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

20   consultant and expert work product, even if such materials contain confidential material.  The

21   confidentiality obligations imposed by this agreement shall remain in effect until a

22   designating party agrees otherwise in writing or a court orders otherwise.  In the event

23   confidential material cannot be destroyed at the conclusion of these proceedings, pursuant to

24   Washington state law, such material shall be maintained by the receiving party in such a way

25   as to ensure its continued confidentiality.  Additionally, in the event the receiving party

26   receives a request for any documents protected by this Order pursuant to the Washington

STIPULATED PROTECTIVE ORDER - 12
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 Public Records Act, the receiving party shall give notice to the party or entity that produced

2 the requested records and shall give the producing party/entity sufficient time to commence an

3 action in the appropriate court to enjoin disclosure.

4 12.     MISCELLANEOUS

5       12.1    Enforceability Upon Signing.  By signing this Stipulated Protective Order, the

6 parties agree to be bound by its terms unless and until those terms are modified by order of

7 the Court.

8       12.2    Prospective Applicability.  This order shall apply only prospectively.  All items

9 or information identified or exchanged by and among the parties prior to the enforceability of

10 the Stipulated Protective Order shall not be retrospectively classified as "Confidential."

11       12.3    Right to Further Relief. Nothing in this Order abridges the right of any person

12 to seek its modification by the court in the future.

13       12.4    Right to Assert Other Objections. By stipulating to the entry of this Order no

14 party waives any right it otherwise would have to object to disclosing or producing any

15 information or item on any ground not addressed in this Order. Similarly, no party waives any

16 right to object on any ground to use in evidence of any of the material covered by this Order.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

STIPULATED PROTECTIVE ORDER - 13
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| 2<br><br>3<br>LAWRENCE A. HILDES<br><br>4<br>By s/ Lawrence A. Hildes<br>5   Lawrence A. Hildes, WSBA #35035<br><br>6 | MCKAY CHADWELL, PLLC<br><br>By s/ Thomas M. Brennan<br>   Michael D. McKay, WSBA # 7040<br>   Thomas M. Brennan, WSBA # 30662<br>   Krista K. Bush, WSBA # 30881 |
| 7<br>K&L GATES, LLP<br><br>8<br>By s/ Heidi Craig Garcia<br>9   Theodore J. Angelis, WSBA # 30300<br>   Pallavi Mehta Wahi, WSBA # 32799<br>10   Heidi Craig Garcia, WSBA # 41399<br><br>11 | LAW LYMAN DANIEL KAMERRER &<br>BOGDANOVICH<br><br>By s/ Donald L. Law<br>   Donald L. Law, WSBA # 6122 |
| 12<br>TACOMA CITY ATTORNEY'S OFFICE<br><br>13<br>By s/ Jean Pollis Homan<br>14   Jean Pollis Homan, WSBA # 27084 | |

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 14
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.[2]

DATED this 26th day of November, 2013.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

_____
[2] This language tracks the language used by Magistrate Judge Frank Maas in *Brookfield Asset Management, Inc. v. AIG Financial Products Corp.*, No. 1:09-cv-08285-RA-FM, 2013 WL 142503 (S.D.N.Y.).

STIPULATED PROTECTIVE ORDER - 15
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on_

_____ in the case of *Panagacos, et. al. v. Towery, et. al.,* Case No. 3:10-cv-05018-

RBL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 16
Case No. C10-05018-RBL
K:\2067584\00001\22689_HCG\22689P20TK

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022